UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SCOTT MEYER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. SA-16-CA-0428-JKP |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* Petitioner Scott Meyer's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1), Petitioner's Memorandum and Exhibits in Support (ECF No. 6), Respondent Lorie Davis's Answer on the Merits (ECF No. 57), and Petitioner's Reply (ECF No. 58) thereto. Having reviewed the record and pleadings submitted by both parties, the Court concludes Petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d). Petitioner is also denied a certificate of appealability.

### I. Background

In June 2013, a jury found Petitioner guilty of the state-jail felony offense of theft under $1500 (habitual) as charged in the indictment. *State v. Meyer*, No. CR2012-431 (379th Dist. Ct., Comal Cnty., Tex. June 4, 2013); (ECF No. 16-1 at 60-61). At his subsequent punishment hearing, Petitioner pleaded "true" to six enhancement paragraphs included in his indictment, enhancing his punishment level to a second-degree felony, and the jury assessed punishment at eighteen years of imprisonment. (ECF No. 16-5 at 99-100, 130; No. 16-6 at 5).

On appeal, Petitioner's court-appointed counsel filed an uncontested *Anders* brief stating that the record presented no arguably meritorious grounds for review. (ECF No. 16-13). Following an independent review of the record, the court of appeals agreed with counsel that the appeal was frivolous and affirmed the judgment of the trial court. *Meyer v. State*, No. 13-13-00400-CR (Tex. App.—Corpus Christi, May 8, 2014, pet. ref'd) (ECF No. 17-1). The Texas Court of Criminal Appeals (TCCA) then refused Petitioner's petition for discretionary review on September 17, 2014. *Meyer v. State*, No. 0714-14 (Tex. Crim. App. 2014); (ECF No. 17-5).

Following his direct appeal proceedings, Petitioner challenged his conviction and sentence by filing a state habeas corpus application. *Ex parte Meyer*, No. 54,197-02 (Tex. Crim. App.); (ECF No. 17-14 at 7-30). The TCCA denied Petitioner's state habeas application without written order on December 16, 2015. (ECF No. 17-8). Petitioner later filed the instant federal habeas petition with this Court raising the same allegations that were rejected by the TCCA during his state habeas proceedings. (ECF No. 1). Specifically, Petitioner contends: (1) the prosecution committed misconduct by knowingly presenting the grand jury with false information to illegally enhance his conviction, (2) his trial counsel rendered ineffective assistance, and (3) the evidence was insufficient to support his conviction.

## II. Standard of Review

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA. 28 U.S.C.A. § 2254. Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was

based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Richter*, 562 U.S. at 102. Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, Petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

### III. Merits Analysis

#### A. Prosecutorial Misconduct (Claim 1).

Petitioner first alleges that the prosecution committed misconduct during the grand jury proceedings by presenting false information, withholding relevant statutory law, and intentionally misleading the grand jury on the degree of Petitioner's offense and potential enhancements. According to Petitioner, the prosecution knowingly misled the grand jury in order to secure an ambiguous (and therefore unconstitutional) indictment that unlawfully elevated the degree of the offense for which he was charged. These allegations were rejected by the TCCA during Petitioner's state habeas corpus proceedings. Because Petitioner fails to demonstrate the state court's rejection of the claims was contrary to, or an unreasonable application of, Supreme Court precedent, federal habeas relief is unwarranted.

To start, while Petitioner challenges the conduct of the prosecution during his grand jury proceedings, there is no record of these proceedings before the Court. Petitioner's contentions regarding the prosecution's actions before the grand jury are based on nothing more than his bare assertions as to what occurred. "Absent evidence in the record," however, a court cannot "consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . , unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (citing *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983)). As such, Petitioner's first claim could be denied solely because it is conclusory. *Ross*, 694 F.2d at 1011 (finding that "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding.").

Furthermore, while couched in terms of prosecutorial misconduct, Petitioner's allegations essentially challenge the validity of the indictment that resulted from his grand jury proceedings.

But the sufficiency of a state indictment is not a matter for federal habeas relief unless it can be shown that the indictment is so defective that it deprives the state court of jurisdiction. *Evans v. Cain,* 577 F.3d 620, 624 (5th Cir. 2009). State law dictates whether a state indictment is sufficient to confer a court with jurisdiction. *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994). As such, this Court is "required to accord due deference to the state's interpretation of its own law that a defect of substance in an indictment does not deprive a state trial court of jurisdiction." *Id*. at 69 (citations omitted). The issue is foreclosed from consideration on federal habeas review if "the sufficiency of the [indictment] was squarely presented to the highest court of the state on appeal, and that court held that the trial court had jurisdiction over the case." *Wood v. Quarterman*, 503 F.3d 408, 412 (5th Cir. 2007) (citation omitted).

Here, Petitioner's claims concerning the prosecution's actions before the grand jury and the sufficiency of the resulting indictment were presented to the TCCA during his state habeas proceedings. (ECF No. 17-14 at 11, 18-20) (ground 1 of Petitioner's state habeas application). The TCCA subsequently denied the application without written order. (ECF No. 17-8). Because the sufficiency of the indictment was squarely presented to the highest state court and that court held that the trial court had jurisdiction over this case, this claim is foreclosed to federal habeas review. *Wood*, 503 F.3d at 412.

Regardless, even assuming the claim was not foreclosed from review by this Court, any misconduct that occurred during Petitioner's grand jury proceedings was harmless. *See Bank of Nova Scotia v. United States*, 487 U.S. 250, 254 (1988) (finding federal district courts exceed their "powers in dismissing an indictment for prosecutorial misconduct not prejudicial to the defendant."). Petitioner contends that, as a result of the prosecution's misrepresentations to the grand jury, he was incorrectly indicted and subsequently convicted of a third-degree felony.

Indeed, Petitioner was originally charged by indictment with habitual theft committed in a declared disaster zone, a third-degree felony. Following a motion to quash the indictment filed by trial counsel, however, the paragraph alleging that the offense occurred in a disaster zone was struck. (ECF No. 16-1 at 6-13). Thus, the record clearly indicates Petitioner was indicted and convicted of committing the theft of property valued at less than $1,500 after having been previously convicted two or more times of theft—a state-jail felony that was later enhanced to a second-degree felony for punishment purposes due to his six prior felony convictions. (ECF No. 16-1 at 6-8, 45-50; No. 16-5 at 14, 94, 99-100, 130); *see also* Texas Penal Code §§ 31.03(e)(4)(D) (relevant theft statute), 12.425(b) (relevant enhancement statute).[1]

Moreover, Petitioner's ultimate conviction following a jury trial cured any defect that may have occurred at the grand jury level. *Vasquez v. Hillery*, 474 U.S. 254, 264 (1986); *United States v. Mechnik*, 475 U.S. 66, 70 (1986) (finding a jury's guilty verdict renders harmless any error in the grand jury's charging decision). Once a defendant has been found guilty at trial, "the petit jury's verdict of guilty beyond a reasonable doubt demonstrates *a fortiori* that there was probable cause to charge the defendants with the offenses for which they were convicted." *Mechanik*, 475 U.S. at 67. As the record indicates, Petitioner was properly convicted of state-jail felony theft by a jury of his peers; thus, any error committed during Petitioner's grand jury proceedings is rendered harmless.

In sum, Petitioner has not stated a basis for federal habeas relief. *McKay*, 12 F.3d at 68. He also has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the

---

[1] While both the indictment and judgment list Petitioner's underlying offense as a third-degree felony rather than a state-jail felony, Respondent correctly notes that this is nothing more than a clerical error, as the disaster zone paragraph was not presented to the jury and Petitioner was sentenced under the appropriate range for a state-jail felony enhanced by Petitioner's habitual offender status. (ECF No. 16-1 at 45, 56); *see also* Texas Penal Code §§ 12.425(b) (relevant enhancement statute), 12.33 (stating punishment for a second-degree felony is 2-20 years).

Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Richter*, 562 U.S. at 101-03. Relief is therefore denied.

**B.    Trial Counsel (Claim 2).**

Petitioner next raises several ineffective-assistance-of-trial-counsel (IATC) claims concerning counsel's performance at both the guilt-innocence and punishment phases of his trial. In essence, Petitioner challenges three aspects of counsel's representation: (1) counsel's failure to explain the judicial process to him or act as an advocate on his behalf; (2) counsel's failure to file adequate pretrial motions; and (3) counsel's deficient opening and closing arguments. As discussed below, Petitioner fails to demonstrate the state habeas court's rejection of these challenges was either contrary to, or an unreasonable application of, Supreme Court precedent. Federal habeas relief is therefore denied.

    1.    The *Strickland* Standard

Sixth Amendment claims concerning the alleged ineffective assistance of trial counsel are reviewed under the familiar two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner cannot establish a violation of his Sixth Amendment right to counsel unless he demonstrates (1) counsel's performance was deficient and (2) this deficiency prejudiced his defense. 466 U.S. at 687-88, 690. According to the Supreme Court, "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

When determining whether counsel performed deficiently, courts "must be highly deferential" to counsel's conduct, and a petitioner must show that counsel's performance fell beyond the bounds of prevailing objective professional standards. *Strickland,* 466 U.S. at 687-

7

89. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Burt v. Titlow*, 571 U.S. 12, 22 (2013) (quoting *Strickland*, 466 U.S. at 690). To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Under this prong, the "likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112. A habeas petitioner has the burden of proving both prongs of the *Strickland* test. *Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

Finally, IATC claims are considered mixed questions of law and fact and are analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). Where, as here, the state court adjudicated the IATC claims on the merits, a court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *See Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (citing *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)); *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009). In such cases, the "pivotal question" is not "whether defense counsel's performance fell below *Strickland*'s standards," but whether "the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S at 101. That is to say, the question to be asked in this case is not whether counsel's actions were reasonable, but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*. at 105.

2.  Failure to Explain Judicial Process or Advocate on His Behalf

Petitioner first contends that his trial counsel, Case Darwin, was ineffective because counsel failed to explain the judicial process to him. Petitioner provides no argument or support for this self-serving allegation. But under Rule 2(c) of the Rules Governing Section 2254 Cases,

8

a petitioner is required to plead facts in support of his claims. As discussed in the previous section, this Court will not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . , unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ford*, 910 F.3d at 235 (quoting *Ross*, 694 F.2d at 1011). Because Petitioner offers no facts or evidence to support his accusation, his claim is conclusory and is denied. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (stating a petitioner is not entitled to relief on the basis of a conclusory allegation).

Similarly, Petitioner's allegations that counsel refused to fight the charges against Petitioner or advocate on his behalf are also unsupported and conclusory. Petitioner has offered no evidence to substantiate his allegations that counsel was "unwilling" to effectively represent Petitioner, instead providing only conclusory and self-serving accusations to support his claims. Again, such allegations are insufficient to support habeas relief. *See Miller*, 200 F.3d at 282. Furthermore, Petitioner's allegation is contradicted by the record. As noted by Respondent, the record clearly demonstrates that counsel cross-examined witnesses, gave opening and closing arguments attempting to minimize the punishment assessed, and successfully sought to have the disaster zone enhancement paragraph from the indictment removed. Thus, Petitioner's contention that counsel refused to represent him is meritless.

3. <u>Failure to File Adequate Pretrial Motions</u>

Petitioner next contends trial counsel was ineffective for not filing adequate pretrial motions. For instance, Petitioner contends counsel should have filed a motion to quash the indictment based on the fact that the indictment illegally elevated his offense to a third-degree felony because it was allegedly committed in a declared disaster zone. As discussed in the previous section, however, counsel did file such a motion that resulted in the disaster zone

9

paragraph being struck. (ECF No. 16-1 at 6-13). While Petitioner now contends that the motion filed by counsel was inadequate because it was "not supported by law," Petitioner's argument is irrelevant because the ultimate goal of the motion—to have the disaster area enhancement removed—was achieved. Indeed, it is hard to imagine how counsel can be found deficient in such a scenario.

Petitioner further faults counsel for not filing additional motions challenging the indictment because one of the predicate convictions used to elevate his offense to a state-jail felony was allegedly void. Based on this argument, Petitioner contends counsel should have also filed a motion to dismiss for want of jurisdiction, a motion to dismiss due to prosecutorial misconduct, and a motion to change venue. But as discussed further in the following section concerning Petitioner's insufficient evidence claim, Petitioner's argument that his predicate conviction was void is incorrect because the conviction was still valid at the time of Petitioner's trial for the instant offense. As such, any motion made by counsel on such grounds would have been futile, and "counsel is not required to make futile motions or objections." *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990); *see also Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) (counsel cannot be deficient for failing to press a frivolous point). In fact, counsel chose not to file a motion based on this argument because he believed such a challenge was not supported by law. (ECF No. 16-4 at 4). As a result, Petitioner has not shown counsel's performance was deficient or that the state court's denial of this claim was an unreasonable application of *Strickland*.

4. Counsel's Opening and Closing Arguments

In his next allegation, Petitioner contends trial counsel was ineffective at the guilt/innocence phase during his opening and closing arguments to the jury. According to

Petitioner, counsel's statements were condescending and effectively conceded his guilt while attempting to focus on punishment issues instead of the question of his guilt. Petitioner raised these allegations during his state habeas proceedings, to which trial counsel submitted an affidavit in response. In relevant part, counsel stated he tried to prevent Petitioner from even going to trial because "[t]he evidence was not simply beyond a reasonable doubt that he committed such offense, but rather beyond all doubt." (ECF No. 17-14 at 32-33). Also, because Petitioner's prior record was "atrocious," counsel stated he tried to influence the jury "by showing that, even though he did not like him, a sentence for stealing $53 worth of items should be time served, even for an unlikeable person with a horrendous record." *Id*.

"[C]ounsel has wide latitude in deciding how best to represent a client. . ." *Yarborough v. Gentry*, 540 U.S. 1, 5-6, 8 (2003) ("When counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons rather than through sheer neglect."). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003). Thus, counsel's choice of a defense and his strategy in arguing that defense to a jury are "virtually unchallengeable." *Strickland*, 466 U.S. at 690; *Trottie v. Stephens*, 720 F.3d 231, 243 (5th Cir. 2011) (holding the failure to present a particular line of argument is presumed to be the result of strategic choice).

Here, in light of the overwhelming evidence of Petitioner's guilt, as well as the laundry list of prior offenses committed by Petitioner, there was nothing objectively unreasonable with trial counsel's chosen strategy to focus on limiting Petitioner's potential punishment due to the severity (or lack thereof) of Petitioner's offense. Because counsel's decisions regarding cross-

11

examination were strategic and imminently reasonable, they will not support an ineffective assistance claim. *Clark v. Thaler*, 673 F.3d 410, 427 (5th Cir. 2012) (recognizing the broad deference to which counsel is entitled in making tactical decisions in closing argument). Petitioner has therefore not shown counsel's performance was deficient, much less that the state court's denial of this claim was an unreasonable application of *Strickland*. Thus, under the "doubly" deferential review encompassed by *Strickland* and the AEDPA, Petitioner's claim cannot survive. *Richter*, 562 U.S at 105.

5. <u>Lack of Prejudice</u>

Finally, even if Petitioner could establish that counsel's performance in this case constituted deficient performance, he still fails to demonstrate that the alleged errors were prejudicial to his defense. Again, to demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "[A] court assessing prejudice must consider the totality of the evidence before the judge or jury." *Mejia v. Davis*, 906 F.3d 307, 315 (5th Cir. 2018) (quoting *Strickland*, 466 U.S. at 696) (internal quotation marks omitted).

Petitioner has not established that the alleged errors were prejudicial with regard to his guilt because, as the record demonstrates, the State's case was strong and there was substantial corroborated evidence against Petitioner. *See Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010) (noting the weight of the evidence of guilt in finding alleged deficient performance of counsel not prejudicial); *Pondexter v. Quarterman*, 537 F.3d 511, 525 (5th Cir. 2008). As counsel noted in his affidavit before the state habeas court, "[t]he evidence showed that [Petitioner] confess[ed] to stealing, two civilian witnesses testified they saw him steal, and video showed that he stole [the] items." (ECF No. 17-14 at 33). With regard to his punishment, Petitioner also has not

established prejudice given his lengthy criminal history and the fact that counsel successfully had his charge reduced so that he faced a punishment range for a second-degree felony (2-20 years) instead of a first-degree felony (25 years to life).

Because Petitioner is unable to establish that counsel's performance was deficient or that he was prejudiced by counsel's alleged errors, the state court's denial of Petitioner's IATC allegations was not an unreasonable application of *Strickland*. Relief on these claims is therefore denied.

C.  **Sufficiency of the Evidence (Claim 3).**

In his last allegation, Petitioner contends the evidence was insufficient to support a conviction for a state-jail felony under Texas Penal Code § 31.03(e)(4)(D). Under this statute, a person commits a state-jail felony theft if (1) the value of the property stolen is less than $1,500 and (2) the person has been previously convicted of two or more theft offenses. Petitioner argues the State failed to meet this statutory definition because one of the predicate offenses used to elevate the offense to a state-jail felony was later vacated.[2] Petitioner's allegation was raised and rejected during his state habeas proceedings. As discussed below, Petitioner fails to demonstrate the state court's rejection of this allegation was contrary to, or an unreasonable application of, Supreme Court precedent.

   1.  Relevant Facts

Petitioner was charged by indictment with theft of property valued at less than $1,500 with two or more convictions for the same offense, a state-jail felony. (ECF No. 16-1 at 6-8). In relevant part, the indictment alleged:

---

[2] Petitioner does not challenge the sufficiency of the evidence regarding his underlying conviction for theft, only that the State did not establish the requisite predicate convictions necessary to elevate his offense to a state-jail felony.

13

And the said Defendant had previously been convicted two or more times for the offense of theft, to-wit:

    1.    In No. 82CR2591, in the 187th Judicial District Court of Bexar County, Texas, on the 20th day of September, 1982; and

    2.    In Cause No. 649664, in the County Court at Law No. CC5 of Bexar County, Texas, on the 6th day of December, 1996.

*Id*.

2.    <u>Reviewing Sufficiency Claims Under the AEDPA</u>

In *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), the Supreme Court enunciated the standard of review when a state prisoner challenges the sufficiency of the evidence in a federal habeas corpus proceeding. The Court stated the issue to be "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. In applying this standard, the Court went on to say that "[t]his familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id*. Thus, all credibility choices and conflicts in inferences are to be resolved in favor of the verdict. *United States v. Resio-Trejo,* 45 F.3d 907, 911 (5th Cir. 1995); *United States v. Nguyen,* 28 F.3d 477, 480 (5th Cir. 1994).

In addition, the AEDPA imposes a "twice-deferential standard" when a federal court reviews a state prisoner's claim challenging the sufficiency of the evidence. *Parker v. Matthews*, 567 U.S. 37, 43 (2012). As the Supreme Court has explained:

> The opinion of the Court in *Jackson v. Virginia* . . . makes clear that it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury. What is more, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because

>the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was "objectively unreasonable."

*Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (citations omitted).

### 3. Application of the *Jackson* Standard

Petitioner claims the evidence is insufficient to support his state-jail felony conviction because one of the predicate convictions—cause number 649664—was unsigned and subsequently vacated. Because this predicate conviction was rendered "void," Petitioner argues the State failed to establish his guilt for a state-jail felony as alleged in the indictment. Petitioner is mistaken. As the record indicates, the predicate offense in cause number 649664 was established at Petitioner's trial by both testimony and the presentation of the judgment in that cause to the jury. (ECF No. 16-5 at 65-68, No. 16-7 at 19-29). While cause number 649664 may have later been set aside on collateral review, the conviction was still valid at the time of Petitioner's trial for the instant offense. *See Ex Parte Jimenez*, 361 S.W.3d 679 (Tex. Crim. App. 2012) (finding that subsequent reversal and dismissal of predicate felony did not render void an otherwise valid conviction for possession of firearm by a felon). Because the predicate offense in cause number 649664 clearly could be used to establish Petitioner's habitual status until such time as it was in fact invalidated, the fact the offense was vacated *after* Petitioner's June 2013 conviction for the instant offense is irrelevant.

As such, Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law, or that it was an unreasonable determination of the facts based on the evidence in the record. Moreover, this Court has independently reviewed the record and finds the evidence sufficient to support the verdict. Thus, viewing all of the evidence under the doubly-deferential standard that applies on federal habeas

review, Petitioner has not shown that the state court's decision was objectively unreasonable or that he is entitled to relief under *Jackson*. Federal habeas relief is therefore denied.

## IV. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing Section 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

## V. Conclusion and Order

Petitioner has failed to establish that the state court's rejection of the aforementioned claims on the merits during his state habeas proceedings was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of

the evidence presented during Petitioner's state trial and habeas corpus proceedings. Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner Scott Meyer's § 2254 petition (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2. No Certificate of Appealability shall issue in this case; and

3. All other motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED this 7th day of February, 2020.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**